IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHESTER L. BLUM, | : | CIVIL ACTION NO. **1:CV-10-0736** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| RONNIE R. HOLT, WARDEN | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

**I. Procedural Background.**

On April 7, 2010, Petitioner, Chester L. Blum, an inmate at USP-Canaan, Waymart, Pennsylvania, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, with attached exhibits. (Doc. 1). Along with his Habeas Petition, Petitioner filed both a support Brief with several exhibits and a Memorandum. (Docs. 3 and 4). Also, on April 13, 2010, Petitioner filed a Motion to correct page two of his Habeas Petition with a new page two, which indicates that he filed a Motion pursuant to 28 U.S.C. § 2255 with the sentencing court on September 15, 1995, and that it was denied on July 10, 1996. (Doc. 7).[1] Petitioner paid the filing fee. (Doc. 6). Named as Respondent is Ronnie R. Holt, Warden at USP-Canaan.[2] Respondent has not yet been served

---

[1] By Order of May 3, 2010, we have granted Petitioner's Doc. 7 Motion and will consider his corrected page two of his Habeas Petition. (Doc. 10).

[2] Warden Holt is the proper Respondent with respect to Petitioner's habeas petition. *See* 28 U.S.C. §§ 2242 and 2243. *See also Jado v. Decker*, 2009 WL 1456595, *1, n. 1 (M.D. Pa.)("The only properly named Respondent in a federal habeas corpus action is the applicant's custodial official.").

with Petitioner's Habeas Petition.[3]

We give preliminary consideration to the Habeas Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Hart v. Holt*, 2007 WL 626159, *3 (M.D. Pa.); *DiFilippo v. Sniezek*, 2010 WL 1462500 (M.D. Pa.).[4]

We shall recommend that Petitioner Blum's Habeas Petition be dismissed since this Court lacks jurisdiction over his claim that in October 1994, the federal sentencing court (U.S. District Court for the Eastern District of Missouri) incorrectly determined he was a career criminal for purposes of sentencing him based, in part, on his 1962 prior conviction from state court (Washo County) in Reno, Nevada, for second degree murder, since there was "no judgment of conviction for the 1962 Reno, Nevada prior [offense]." (Doc. 4, p. 2). Petitioner states that since there was no judgment of conviction for the stated offense at the time of his October 1994 federal sentencing, the U.S. District Court for the Eastern District of Missouri improperly sentenced him as a career criminal even though there was no valid factual basis for this sentencing enhancement. Thus, Petitioner claims that the sentencing court should not have sentenced him as a career criminal, and that the sentencing court unlawfully increased his guideline range based on its finding that he was

---

[3] The undersigned has been assigned the present case for purposes of a Report and Recommendation.

[4] Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

2

a career offender. Petitioner states that if he received the correct sentence from U.S. District Court for the Eastern District of Missouri, *i.e.* not as a career criminal, it would have now expired and he would have been released from confinement. Thus, Petitioner seeks his immediate release from confinement. (Doc. 3).[5]

---

[5]To the extent that Petitioner (Doc. 1, p. 3) seems to claim that he has been confined in prison beyond his proper maximum sentence date, that he is now being illegally incarcerated, and that this continued confinement violates his constitutional rights, he must raise such a claim in a civil rights action under 28 U.S.C. §1331 after he exhausts his BOP administrative remedies. *See Atwell v. Levan*, 557 F. Supp. 2d 532 (M.D. Pa.); *Rines v. Beard*, 2007 WL 4248506 (M.D. Pa.). Petitioner contends that due to his continued incarceration on his invalid sentence which was improperly enhanced based on the finding he was a career criminal, he is being held in prison beyond the maximum valid sentence which should have been imposed by the sentencing court in 1994. The Court held in *Sample v. Diecks*, 885 F. 2d 1099, 1108 (3d Cir. 1989), that "the Eighth Amendment protects an inmate from being incarcerated beyond the term of his sentence." *Supples v. Burda*, 2007 WL 3165537, *1 (M.D. Pa.).

We also note that any §1331 civil rights action Petitioner Blum may file challenging the legality of his continued confinement and seeking damages, would be *Heck* barred until he successfully has his 1994 federal sentence he is currently serving overturned or invalidated. *See Rines v. Beard*, 2007 WL 4248506; *Sandy v. Lehigh Co. Dist. Attorney*, 2008 WL 910001, *1-*2 (E.D. Pa.).

Thus, to the extent that Petitioner is deemed as challenging the legality of his current confinement at USP-Canaan based on his 1994 federal sentence of 360 months in prison and he claims that he is being excessively confined in violation of his constitutional rights, both of which he states are causing him to remain in prison longer than he was legally required to, this Eighth Amendment claim is *Heck* barred until Petitioner successfully has his 1994 conviction and sentence overturned.

In *Braggs v. Flatt*, 2009 WL 2750120, *4-*5 (W. D. Pa.), the Court stated:

> *Heck v. Humphrey* [512 U.S. 447 (1994) ] and its progeny. In *Heck,* the Supreme Court held that a prisoner could not maintain a § 1983 action for damages under the civil rights laws if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. The Court

## II. Factual Background.

In 1994, Petitioner Blum was found guilty by a jury in the U.S. District Court for the Eastern District of Missouri,[6] of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and §2113(d), as

---

> has summarized this so-called "favorable termination requirement" by explaining that a "state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson,* 544 U.S. 74, 81-82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005). *See also Hill v. McDonough,* 574 U.S. 73 (2006); *Muhammad v. Close,* 540 U.S. 749, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004).
>
> Further, in *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), the Supreme Court extended *Heck* further by holding that a state prisoner's § 1983 action challenging a prison disciplinary sanction and seeking "money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983" unless the disciplinary sanction has been overturned or invalidated. 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906.

*See also Royal v. Durison,* 254 Fed. Appx. 163 (3d Cir. 2007)*; Supples v. Burda*, 2007 WL 3165537 (M.D. Pa.).

We take judicial notice that Petitioner's 1994 E.D. Missouri conviction and sentence have not been reversed or set aside. A finding by this Court that Petitioner's constitutional rights are being violated with respect to his excessive confinement claim would "necessarily imply the invalidity" of his stated 1994 360-month prison sentence. We find that Petitioner's constitutional claims he is attempting to assert regarding his October 1994 federal sentence are precluded by *Heck* and *Balisok*. *See also Hart v. Whalen*, 2008 WL 4107651, *11-*12 (M.D. Pa.). Also, we find that Petitioner's constitutional claims are not cognizable ina § 2241 habeas petition. *See Burnham v. Mayberry*, 2008 WL 4190785, * 3 (W.D. Pa.).

---

[6]Petitioner includes as an exhibit he attached to his Doc. 2 Brief a copy of his March 24, 1994 Indictment in U.S. District Court for the Eastern District of Missouri. (Doc. 3, Ex. A). Petitioner also attached a copy of the sentencing hearing transcript from the U.S. District Court

4

well as a firearm offense, use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1). On October 21, 1994, over 15 years ago, Petitioner was sentenced on the stated offenses, as a career criminal, to 360 months imprisonment followed by three years of supervised release. (Doc. 7, p. 2 & Doc. 3, Ex. B). Petitioner's own exhibit (Doc. 3, Ex. B) indicates that during his October 1994 sentencing, Petitioner's counsel argued that the sentencing court should not rely upon Petitioner's 1962 Reno, Nevada, state court second degree murder conviction since it was unconstitutional, in part, because Petitioner claimed he was not fully advised of his rights he was waiving if he pled guilty and of the proper range of punishment if he pled guilty and, in part, because Petitioner was only 17 years old at the time of the murder and he was not certified as an adult for his trial.

The sentencing court denied the request of Petitioner's trial counsel and held that it would consider all of Petitioner's prior criminal history, including his 1962 Nevada second degree murder conviction, in determining his criminal history category and in imposing his 1994 sentence. The sentencing court on October 21, 1994, stated that "it was appropriate to assess three criminal history points for [Petitioner's] murder second degree charge that came out on March 21st, 1962 in the State of Nevada." (Doc. 3, Ex. B, NT 31). Thus, Petitioner was assessed three points for his 1962 second degree murder conviction, the sentencing court determined that Petitioner had a total offense level of 34 and a total criminal history category of 6. The sentencing court then sentenced Petitioner as a career offender since he had two violent felony convictions. (Doc. 3, Ex. B, NT 31-32). Petitioner received a sentence of a maximum of 300 months in prison with respect to his

---

for the Eastern District of Missouri regarding his October 1994 sentencing. (*Id*., Ex. B).

armed bank robbery offense and a mandatory 60 months in prison with respect to his firearm offense, to run consecutively. The sentencing court stated that "I do feel that Chester Blum is a career criminal" and that "I feel he should have the maximum [sentence]." (*Id.*, NT 38).

Petitioner filed a direct appeal of his judgment of conviction with the Eighth Circuit Court of Appeals, and he states that his appeal was denied on September 15, 1995. Petitioner states that he then filed a petition for writ of *certiorari* with the U.S. Supreme Court and that *certiorari* was denied. Petitioner cites to *Blum v. U.S.*, 65 F. 3d 1436. (Doc. 7, p. 2).

Petitioner states that he then filed a motion under 28 U.S.C. § 2255 for modification of his sentence with the sentencing court. In his § 2255 motion, Petitioner states that he claimed "subject matter jurisdiction, on an essential element FDIC-Insurance."[7] (Doc. 7, p. 2). On July 10, 1996, the sentencing court denied Petitioner's § 2255 motion.

Petitioner does not indicate if he filed a notice of appeal with the Eighth Circuit with respect to the sentencing District Court's Order denying his § 2255 motion.

Subsequently, on April 7, 2010, over 15 year after his October 1994 federal sentence, which he is currently serving at USP-Canaan, Petitioner filed the instant Habeas Petition with this Court pursuant to § 2241. (Doc. 1). Petitioner now claims that the sentencing court improperly considered his prior 1962 Nevada second degree murder conviction to determine he was a career offender, which caused his total offense level and a total criminal history category to be increased

---

[7]Petitioner seemingly claimed that it was not proven at his 1994 trial that the bank he was convicted of robbing was FDIC insured, and thus, the bank lacked a necessary element for a federal offense. Therefore, Petitioner claims that the United States District Court for the Eastern District of Missouri lacked jurisdiction over him.

to 34 and 6, respectively, and which caused him to receive a longer sentence. Petitioner asserts his "actual innocence of the career criminal sentence as it was applied to him." (Doc. 1, p. 3).

### III. Claims of Habeas Petition.

Petitioner Blum claims that the sentencing court (U.S. District Court, Eastern District of Missouri) improperly determined he was a career offender for purposes of sentencing him based, in part, on his prior 1962 Nevada conviction for second degree murder, which the court considered as a crime of violence. Petitioner states that the sentencing court incorrectly rejected his constitutional arguments as to why his 1962 conviction should not be considered and that the sentencing court failed to produce any proof of his 1962 Nevada conviction. Petitioner indicates that the sentencing court's reliance on his 1962 Nevada conviction and its finding that he was a career offender caused him to receive a longer sentence than he should have received, and that if he was sentenced properly, not as a career offender, he would have now fully served his sentence and he would have been released from prison. Petitioner also claims that he is presently being illegally incarcerated and held by Respondent in violation of his Eighth Amendment rights and his due process rights.[8]

On April 30, 2010, Petitioner filed an "Amended Brief to include Issue under the Double Jeopardy Clause." (Doc. 9). In this Brief, Petitioner seeks to assert another habeas claim, namely that the use of his 1962 Nevada murder conviction as a predicate offense for enhancing his 1994

---

[8]As noted above, insofar as Petitioner claims that his present confinement at USP-Canaan is in violation of his constitutional rights, this is not a proper habeas claim and should be dismissed. *See Burnam v. Mayberry, supra*.

federal sentence based on the court's finding he was a career criminal violated his rights under the Fifth Amendment Double Jeopardy Clause.[9]

Petitioner states that § 2255 is inadequate and ineffective as a remedy to pursue his present claim that he should not have been sentenced in October 1994 as a career criminal based on the AEDPA statute of limitations. Petitioner states that only on December 14, 2005, did he receive a copy of his records from his 1974 case in the United States District Court for the Northern District of California, in which he claims the Court found that his 1962 Nevada second degree murder conviction could not be used as a predicate offense with respect to his 1974 illegal interstate transportation of weapons charge. Petitioner also claims that his trial counsel in his 1994 Eastern District of Missouri case was not effective since he failed to challenge the use of his 1962 Nevada conviction by the District Court to sentence him as a career offender based on the Northern District of California Court's 1974 finding that his Nevada conviction could not be used as a predicate offense, and since his counsel failed to raise this issue on direct appeal.

Petitioner claims that the sentencing range with respect to his Eastern District of Missouri armed bank robbery sentence was thus improperly increased based on the court's finding he was a career offender, in part, based on his prior 1962 Nevada second degree murder conviction. Petitioner also claims that his sentence was increased without a valid factual basis because his 1962 murder conviction was unconstitutional and because the federal sentencing court (in 1994) did not

---

[9]Again, as noted above, insofar as Petitioner claims that his present confinement at USP-Canaan is in violation of his constitutional rights, this is not a proper habeas claim and should be dismissed. *See Burnam v. Mayberry, supra*.

have any proof of his 1962 Nevada conviction.  Petitioner states that as a result of the Eastern District of Missouri sentencing court's finding that he was a career offender, he received a longer sentence than he should have, and he states that the court imposed an illegal sentence on him.  Further, Petitioner states that "he is actually innocent of the career criminal sentence" that was imposed on him.

As discussed below, we find that Petitioner Blum must raise his present claim *via* a § 2255 motion, and that a § 2255 motion is the proper remedy for Petitioner to assert his claim that the Eastern District of Missouri sentencing court improperly found he was a career offender based on his prior 19962 Nevada murder conviction.

## IV.  Discussion.

As stated, Petitioner Blum now claims, over 15 years later, that federal the sentencing court improperly considered his prior 1962 Nevada murder conviction to determine he was a career offender which caused his October 1994 sentence to be increased to a maximum of 300 months on the armed bank robbery conviction and which exposed him to a longer sentence.  We find that a § 2255 motion is the proper remedy, and not a § 2241 habeas petition, for Petitioner Blum to raise his stated claim.

Petitioner seems to claim that § 2255 is inadequate or unavailable in light of the fact that his 1-year statute of limitations to file another § 2255 motion has expired and in light of the fact that he did not receive the records from his 1974 Northern District of California Court proceedings until December 2005.  Nonetheless, Petitioner can file a motion to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3) with the Eighth Circuit regarding his contention that the

9

sentencing court should have relied upon the alleged finding of the Northern District of California Court that his 1962 Nevada murder conviction could not be considered to determine he was a career criminal for purposes of his 1994 sentence.

Specifically, Petitioner claims that he should not have been sentenced as a career offender in October 1994, and that his sentence on his bank robbery conviction should not have been increased to 300 months, especially since Petitioner states the Northern District of California Court found in 1974 that his 1962 Nevada murder conviction was "invalid for use" with respect to his 1974 federal weapons charges. Petitioner concludes that if he was not found to be a career offender in October 1994, the Eastern District of Missouri District Court admittedly would have given him a lesser sentence than he received under the career offender category. Petitioner does not directly state that § 2255 is inadequate and ineffective to address his claim that his sentence was improperly increased under the career offender category. Nor does Petitioner claim that in 1994, he was convicted of offenses which are no longer criminal. Further, Petitioner does not claim that an intervening change in the controlling law mandates a reduction in his 1994 sentence. Rather, Petitioner seems to claim that the 1974 ruling by the Northern District of California District Court that his 1962 Nevada murder conviction could not be used as a prior offense with respect to his 1974 federal weapons charges shows that the Eastern District of Missouri District Court should not have sentenced him as a career criminal based, in part, on his 1962 Nevada conviction. Petitioner does claim to be actually innocent of the career criminal sentence which was imposed on him by the Eastern District of Missouri District Court in October 1994. Regardless of the alleged 1974 finding of the Northern District of California District Court regarding Petitioner's 1962 Nevada

murder conviction, this finding is a non-precedential and non-binding ruling with respect to the Eastern District of Missouri District Court for purposes of Petitioner's 1994 sentence.[10]

As stated, Petitioner filed a § 2255 Motion with the Eastern District of Missouri sentencing court, and it was denied on September 15, 1995. (Doc. 7). Petitioner does not indicate if he appealed the sentencing court's denial of his § 2255 motion to the Eighth Circuit. Further, Petitioner did not indicate that he filed a request to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3) with the Eighth Circuit, as he should have in December 2005, when he admits he received his Northern District of California Court records, based on his claim that the California court's ruling did not allow the use of his 1962 Nevada murder conviction with respect to his 1974 California weapons charges.

---

[10]Petitioner states that he finally received his 1974 records from his Northern District of California District Court criminal case in December 2005, and he contends these records show that the California District Court ruled that his 1962 Nevada murder conviction was not admissible in his 1974 weapons charge criminal proceeding. Petitioner claims that this decision of the California District Court shows that the Missouri District Court improperly relied upon his 1962 Nevada conviction when it sentenced him as a career criminal in October 1994. Petitioner has submitted with his present case a file folder seemingly with documents from his 1974 Northern District of California District Court criminal case.

Petitioner incorrectly asserts that the decision of the California District Court is binding precedent on the Missouri District Court. Also, the use of Petitioner's 1962 Nevada murder conviction in his 1974 California criminal case was for a different purpose than in his 1994 Missouri criminal case. Petitioner states that he was acquitted of the weapons charges in his 1974 California case. In his 1994 Missouri case, Petitioner was convicted. In Petitioner's Missouri case, the sentencing court considered Petitioner's 1962 Nevada murder conviction for purposes of sentencing him as a career criminal. In any event, the 1974 ruling of the California District Court would have no bearing on Petitioner's 1994 sentence he received in the Eastern District of Missouri District Court.

Recently, in *DiFilippo v. Sniezek*, Civil No. 10-0406, M.D. Pa., 4-9-10 Memorandum, J. Munley), this Court held that a § 2255 motion, and not a § 2241 habeas petition, was the proper remedy for Petitioner DiFilippo to raise his claim that he was entitled to a reduction of the sentence he is currently serving, under 18 U.S.C. § 3582(c), since he was not properly sentenced as a career offender which was based, in part, on his prior conviction for escape.

The *DiFilippo* Court stated:

> Section 2241 provides that a court may issue a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2255 provides that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack" can move the court to set aside the sentence. 28 U.S.C. § 2255(a). Moreover, Section 2255 is the sole remedy for a prisoner seeking to challenge his sentence in such fashion, "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).
>
> As such, "under the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas petition under § 2241 cannot be entertained by the court." *Cradle v. United States*, 290 F.3d 536, 638 (3d Cir. 2002). A motion under Section 2255 "is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Id*. Inadequacy comes when "the remedy" is ineffective, not when a petitioner finds himself unable to use that remedy. *Id*. "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id*. at 539.

*DiFilippo v. Sniezek*, Civil No. 10-0406, M.D. Pa., pp. 4-5, 4-9-10 Memorandum. *See also Rosario v. Holt*, Civil No. 10–0204, M.D. Pa.

Notwithstanding the fact that Petitioner Blum filed a previous § 2255 motion, we find that his recourse is to file a motion to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3) with the Eighth Circuit. *See DiFilippo*. We find that a § 2241 Habeas Petition is not the proper avenue of relief for Petitioner Blum to pursue his instant claims. *See Webb v. Martinez*, 2010 WL 128315 (M.D. Pa.).

Section 2255 provides in part that "[an application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." A motion under Section 2255 is "inadequate or ineffective" only where it is established "that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) (*per curiam*) (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)). The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. *See Id.; Cagle v. Ciccone*, 368 F.2d 183, 184 (8th Cir. 1966). The fact that a prior Section 2255 motion filed in the sentencing court was denied is insufficient to show that the Section 2255 remedy is inadequate or ineffective. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied,* 488 U.S. 982 (1988); *Litterio v. Parker*, 369 F.2d 395, 396 (3d Cir. 1966)

13

(per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative. . ." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986).

Moreover, the United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under Section 2255, a motion under Section 2255 "supersedes habeas corpus and provides the exclusive remedy." *Strollo v. Alldredge*, 409 U.S. 1046 (1972). As noted in *Litterio*, lack of success does not by itself entitle Petitioner to review of his habeas corpus petition. The Third Circuit stated in *Okereke v. U.S.*, 307 F. 3d 117, 120 (3d Cir. 2002), *cert. denied,* 123 S.Ct. 572 (2002), that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." (Citation omitted).

Petitioner Blum clearly can request the court of appeals to certify a successive § 2255 motion, and he can raise his present claim in such a motion. The fact that the sentencing court already denied Petitioner's § 2255 motion does not render the remedy inadequate or ineffective. Petitioner can file a request to file a successive § 2255 motion with the Eighth Circuit.

In the case of *Littles v. U.S.*, 142 Fed. Appx. 103 (3d Cir. 2005) (Per Curiam), the inmate filed a § 2241 habeas petition claiming that one of his previous state convictions should not have been used by the sentencing court in determining that he was a career offender under U.S.S.G. § 4 B1.1 since the one state conviction was unconstitutionally obtained. The Third Circuit held that inmate could not pursue his claim *via* § 2241 habeas petition since no showing that § 2255 motion was inadequate or ineffective. The Third Circuit vacated the portion of the Middle District

of Pennsylvania District Court's decision that considered Littles' habeas petition claim on its merits. The Third Circuit concluded that "[b]ecause Littles was proceeding pursuant to § 2241, the District Court was without jurisdiction to consider the merits of his petition." *Id*. at 104.

Based on *Littles* and *DiFilippo*, this Court is clearly without jurisdiction to consider Petitioner Blum's § 2241 Habeas Petition. We find that Petitioner Blum's recourse is to seek permission from the appeals court to file a second motion under 28 U.S.C. § 2255 with respect to his 1994 sentence. Thus, Petitioner's contention that his sentence of 360 months was impermissibly based on the sentencing court's finding that he was a career criminal should be raised in a § 2255 motion. *See Littles, supra; Hart, supra; DiFilippo*, *supra*. With regard to the Petitioner's sentencing argument, as discussed, we find that this is clearly an issue that is to be raised in a § 2255 petition. The Petitioner must seek his relief *via* that vehicle even though he is required to seek permission from the appeals court to file a second § 2255 motion. *Okereke, supra*.

In this case, even though Petitioner Blum has already filed a § 2255 motion regarding his 1994 sentence for which he is presently incarcerated, he does not demonstrate a personal inability to utilize this remedy. Despite the fact that he did file a previous § 2255 motion as to his sentence, he does not establish the inadequacy or ineffectiveness of the remedy itself. S*ee Berry v. Lamer*, Civil No. 96-1678, *slip op* at 13-14 (M.D. Pa. April 30, 1997) (Kosik, J.) (finding that existence of two orders from circuit court warning petitioner that no other submission shall be filed or entertained in his case, did not render his remedy by way of Section 2255 motion inadequate or ineffective); *Holland v. Harding*, Civil No. 95-0870, *slip op* at 4 (M.D. Pa. Nov. 21, 1995) (McClure, J.) (holding that entering into a sentencing agreement wherein the right to challenge the conviction

or sentence by direct appeal or by Section 2255 motion is waived does not render a Section 2255 motion inadequate or ineffective); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997) (denying motion for certification to file a second Section 2255 petition without prejudice to petitioner filing a Section 2241 habeas corpus petition because passage of a subsequent law may negate the crime of which he was convicted, the Third Circuit Court of Appeals stated in dicta, "[w]e do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255.").

In *Devore v. U.S.*, 2004 U.S. Dist. LEXIS 26516 (D. Conn. 2004), the court found that the inmate, in his habeas petition under § 2241, did not claim that he was actually innocent of the state offenses underlying his career criminal status. Rather, Petitioner Devore claimed, as Petitioner Blum claims in part, that the District Court could not rely on his state convictions because it did not have certified copies of his prior convictions. The *Devore* Court found that its Petitioner was not raising an actual innocence claim and that his habeas corpus petition should be dismissed for lack of jurisdiction. In *Devore,* the Petitioner claimed that he was actually innocent of being a career criminal. Despite the fact that Petitioner Devore's prior § 2255 motion was denied, the Court found that Devore's claim did not fall within § 2241 and that § 2255 was the remedy. Petitioner Devore did not allege that he did not commit the state offenses underlying his career criminal status, but claimed that the government offered insufficient evidence regarding his prior convictions because it failed to produce certified copies of his prior convictions. Similarly, Petitioner Blum

claims, in part, that the federal sentencing court did not have sufficient proof of his 1962 Nevada murder conviction when it sentenced him in October 1994.

In *Hornaday v. Lamanna*, 2000 U.S. App. LEXIS 10785 (6th Cir. 2000), the Petitioner filed a § 2241 petition claiming that he was improperly sentenced under the Armed Career Criminal Act ("ACCA") because his 1966 burglary conviction did not constitute a crime of violence under the U.S.S.G. and because it did not involve a dwelling. The *Hornaday* Court found that § 2255 was Petitioner's remedy and that it lacked jurisdiction over the habeas petition. *See also Coleman v. Samuels*, 218 Fed. Appx. 178 (3d Cir. 2007).

Accordingly, we will recommend that the District Court should summarily dismiss Petitioner Blum's Habeas Petition under Rule 4 since we find that Petitioner's recourse is to file a motion to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3) with the Eighth Circuit. *See Davis v. Sniezek*, Civil No. 08-1119, M.D. Pa.; *Hart v. Holt*, 2007 WL 626159 (M.D. Pa.)(Court found that Petitioner should raise his instant claim that his sentence should not have been enhanced under the ACCA by filing a motion with the Third Circuit to file a successive § 2255 motion); *Winkelman v. Holt*, 2009 WL 1314864 (M.D. Pa.); *Webb v. Martinez*, 2010 WL 128315 (M.D. Pa.).

Based upon the well-settled case law, Petitioner Blum's Habeas Corpus Petition should be dismissed for lack of jurisdiction without directing service of it on Respondent.

**V. Recommendation.**

Based upon the foregoing, it is respectfully recommended that the Petitioner Blum's Petition for Writ of Habeas Corpus (Doc. 1) be dismissed for lack of jurisdiction. It is also recommended

that the Clerk of Court be directed to send Petitioner Blum all of his records he submitted in this case.

                                    **s/ Thomas M. Blewitt**
                                    **THOMAS M. BLEWITT**
                                    **United States Magistrate Judge**

**Dated: May 7, 2010**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHESTER L. BLUM, | : | CIVIL ACTION NO. **1:CV-10-0736** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| RONNIE R. HOLT, WARDEN | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **May 7 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                        **s/ Thomas M. Blewitt**
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

**Dated: May    7, 2010**