**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHESTER L. BLUM,** | : | **CIVIL ACTION NO. 1:10-CV-0736** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **RONNIE R. HOLT,** | : | |
| | : | |
| **Respondent** | : | |

## <u>ORDER</u>

AND NOW, this 26th day of July, 2010, upon consideration of the report of

the magistrate judge (Doc. 12), recommending that the petition (Doc. 1) for writ of

habeas corpus, filed by petitioner Chester L. Blum ("Blum") pursuant to 28 U.S.C.

§ 2241, be dismissed for lack of jurisdiction because Blum failed to seek leave from

the Eighth Circuit Court of Appeals to file a second or successive § 2255 motion with

the court that imposed his sentence,[1] and upon further consideration of Blum's

---

[1] A second or successive motion under § 2255 must be certified by the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law . . . previously unavailable.

28 U.S.C. § 2255(h). Blum was sentenced in October 1994 by the United States District Court for the Eastern District of Missouri, and therefore, the Eighth Circuit is the appropriate court of appeals to determine if Blum meets either of these criteria for a second or successive § 2255 motion.

objections (Doc. 13) to the report,[2] and Blum's motion (Doc. 14) to amend notice to

the United States Attorney pursuant to Rule 15 (c)(1)(c)(i-ii) of the Federal Rules of

Civil Procedure,[3] and, following an independent review of the record, it appearing

that Blum's petition is procedurally improper, and that Blum does not satisfy the

_____

[2] Blum raises several issues attacking the merits of his sentence. In light of our dismissal on jurisdictional grounds, it is not appropriate to address these issues. See Littles v. United States, 142 F. App'x 103 (3d Cir. 2005) (vacating a district court's consideration and rejection of a prisoner's § 2241 petition on the merits because the district court ruled at least in part on jurisdictional grounds).

However, Blum lodges several objections that are procedurally relevant. Specifically, he claims that his § 2241 petition is appropriate because the remedy of a second or successive § 2255 motion is inadequate or ineffective. 28 U.S.C. § 2255 provides in relevant part that:

> An application for writ of habeas corpus . . . shall not be entertained if it appears that the applicant has failed to apply for relief by motion to the court that sentenced him . . . *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e)(emphasis added). The remedy under § 2255 is inadequate or ineffective "only if it can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." United States ex rel. Leguillo v. Davis, 212 F.2d 681, 684 (3d Cir. 1954). The remedy is not inadequate or ineffective merely because relief was denied, nor because a petitioner fails to meet the requirements for a second or successive § 2255 motion. Manna v. Schultz, 591 F.3d 664, 665 (3d Cir. 2010). In In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), the Third Circuit found that a § 2255 remedy was inadequate or ineffective because the petitioner was asserting that he was actually innocent of the crime for which he was sentenced and because he did not have an unobstructed path to make such an assertion, having not met the requirements for a second or successive § 2255 motion. 119 F.3d 245. Blum, however, is arguing the sentencing court miscalculated his sentence, not that he is actually innocent of any crime, and he is free to make that assertion through a § 2255 motion filed in the Eighth Circuit.

[3] Without explicitly describing the "mis-labeling" he wishes to correct, Blum requests leave to amend his § 2241 habeas petition. The court will deny this motion because amendment would be futile.

2

language of § 2255(e),[4] and the court finding that it lacks jurisdiction, and the court further finding that amendment of the petition would be futile, it is hereby

ORDERED that:

1. The report and recommendation (Doc. 12) of the magistrate judge is ADOPTED.

2. The petition (Doc. 1) for writ of habeas corpus is DISMISSED.

3. The motion (Doc. 14) to amend is DENIED.

4. The Clerk of Court is directed to CLOSE this case.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[4] See supra note 2 (explaining the language of § 2255(e)).