# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHESTER L. BLUM,** | : | CIVIL ACTION NO. 1:10-CV-0736 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **RONNIE R. HOLT**, | : | |
| Respondent | : | |

## ORDER

AND NOW, this 13th day of October, 2010, upon consideration of the motion for reconsideration (Doc. 18), filed by petitioner Chester L. Blum ("Blum"), wherein Blum seeks reconsideration of the order of court (Doc. 15) dated July 26, 2010 (hereinafter "the July 26 order"),[1] and it appearing that the purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact, see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), and that a party may not invoke a motion for reconsideration as a means to relitigate matters of disagreement with the court or to raise stale arguments anew, see Abu-Jamal v. Horn, No. Civ. A. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001); see also Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995) (rejecting litigant's "classic attempt at a 'second bite at the apple'"), and the court finding that Blum has not demonstrated that the July 26 order contains an

---

[1] In the July 26 order, the court adopted the report and recommendation of the magistrate judge (Doc. 12) and dismissed Blum's habeas corpus petition (Doc. 1) for lack of jurisdiction.

error of law or fact,[2] and that his motion for reconsideration merely seeks to relitigate a "point of disagreement between the Court and the litigant," Abu-Jamal, 2001 WL 1609761, at *9; see also Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002), it is hereby ORDERED that the motion for reconsideration (Doc. 18) is DENIED.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] Although Blum's arguments are in some respects difficult to comprehend, he does clearly acknowledge that a petition under 28 U.S.C. § 2255 is the "usual avenue" for a claim like his, (Doc. 18 at 1), and he argues that his circumstances are unusual and that the court should permit his claim to proceed under 28 U.S.C. § 2241, (Doc. 18 at 2, 5-6). The court, in its July 26 order, has already considered the question of whether a § 2241 petition is appropriate for Blum's claim, and it concluded that Blum's § 2241 petition was not proper. (Doc. 15 at 2 n.2). Blum argues to the contrary, but he fails to show that the court erred. Finding no basis to reverse its earlier conclusion, the court will therefore deny Blum's motion for reconsideration.
     Accordingly, the court need not address the other issues raised in Blum's motion. The court's conclusion that Blum's petition is procedurally improper is dispositive, and it renders Blum's other arguments moot.